[Cite as *State v. Basdon*, 2026-Ohio-2860.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2025-12-104 |
| Appellee, | : | CA2025-12-105 |
| vs. | : | <u>OPINION AND</u> |
| | | <u>JUDGMENT ENTRY</u> |
| NICOLE AMBER BASDON, | : | 7/27/2026 |
| Appellant. | : | |
| | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case Nos. 2025CRB2248 AND 2025CRB2749


Mark J. Tekulve, Clermont County Prosecuting Attorney, and Zachary K. Garrison, Assistant Prosecuting Attorney, for appellee.

Christopher Bazeley, for appellant.


## **O P I N I O N**


**PIPER, J.**

{¶ 1} Appellant, Nicole Amber Basdon, appeals from the convictions she received in the Clermont County Municipal Court after she pled guilty to two counts of second-

degree misdemeanor possession of drug abuse instruments. The charges were brought against Basdon in two separate cases, Case Nos. 2025 CRB 02248 and 2025 CRB 02749. For the reasons outlined below, we affirm Basdon's conviction in both cases.

**Facts and Procedural History**

{¶ 2} On November 11, 2025, Basdon pled guilty to the two counts of misdemeanor possession of drug abuse instruments, both of which were prosecuted as violations of R.C. 2925.12(A). That statute generally prohibits persons from knowingly possessing a hypodermic needle or syringe that is used to administer a dangerous drug. Pursuant to R.C. 2925.01(C), a "dangerous drug" is defined by R.C. 4729.01(F)(3) as "[a]ny drug intended for administration by injection into the human body other than through a natural orifice of the human body."

{¶ 3} On November 25, 2025, the trial court held a combined sentencing hearing. At that hearing, the trial court sentenced Basdon to a 90-day jail term in Case No. 2025 CRB 2248, with 69 days suspended, less 21 days of jail-time credit. The trial court also placed Basdon on community control for a period of two years and ordered Basdon to pay a $200 fine. Similarly, in Case No. 2025 CRB 02749, the trial court sentenced Basdon to a 90-day jail term, with 59 days suspended, less 31 days of jail-time credit. The trial court likewise placed Basdon on a two-year community control term and ordered Basdon to pay a $200 fine.

{¶ 4} The trial court ordered Basdon's sentences to run consecutively. The record shows that Basdon did not object to the trial court's orders requiring her to pay either of the two $200 fines imposed upon her. The record also shows that Basdon never asserted that she lacked the ability to pay the total $400 in fines that she had been ordered to pay by the trial court.

**Basdon's Appeal and Single Assignment of Error**

{¶ 5}  On December 23, 2025, Basdon filed a notice of appeal in both cases. Basdon's appeals were later consolidated by this court and, on June 3, 2026, submitted to this court for consideration. Basdon's appeal is now properly before this court for decision and presents one assignment of error for review. In that single assignment of error, Basdon argues that the trial court committed plain error by ordering her to pay $400 in fines without first considering her ability to pay. We disagree.

*Plain Error Standard of Review Applies*

{¶ 6}  Within her assigned error, Basdon properly acknowledges that this court is to apply a plain-error standard of review. This is because, as the record plainly establishes, Basdon never objected to the trial court ordering her to pay either of the two $200 fines being imposed upon her. *See State v. Moore*, 2024-Ohio-2382, ¶ 15 (2d Dist.) (finding plain error review applied where appellant did not object to the trial court imposing a fine when sentencing appellant on a misdemeanor offense).

*Crim.R. 52(B) and the Plain Error Standard of Review*

{¶ 7}  Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The rule imposes three limitations on this court's ability to correct an error not initially raised in the trial court below. *State v. Garrett*, 2022-Ohio-4218, ¶ 63. "To demonstrate plain error, an appellant must show (1) that there was an error, (2) that the error was 'plain,' i.e., obvious, and (3) that the error affected the appellant's 'substantial rights.'" *State v. Drain*, 2022-Ohio-3697, ¶ 52. The Ohio Supreme Court has "interpreted [this] to mean that the error affected the outcome of the trial." *State v. Brinkman*, 2022-Ohio-2550, ¶ 45. "The elements of the plain-error doctrine are conjunctive: all three must apply to justify an

appellate court's intervention." *State v. Bailey*, 2022-Ohio-4407, ¶ 9.

*Consideration of a Defendant's Ability to Pay a Fine in Misdemeanor Cases*[1]

{¶ 8}   Pursuant to R.C. 2929.28(A), a trial court may impose financial sanctions on a defendant when sentencing the defendant on a misdemeanor offense. This includes the authority to order the defendant to pay a fine. *See* R.C. 2929.28(A)(2). The same applies with respect to trial courts sentencing a defendant for a felony. *See* R.C. 2929.18(A)(3). However, while there is an express requirement in the felony sentencing statutes that requires the trial court to consider a defendant's present and future ability to pay the fine being imposed, *see* R.C. 2929.19(B)(5), "the law is not as clear as to whether consideration of [the defendant's] ability to pay [the fine] is required in misdemeanor sentencing." *State v. Saturday*, 2019-Ohio-193, ¶ 18 (12th Dist.). This is because "[n]o provision identical to R.C. 2929.19(B)(5) exist[s] in the misdemeanor sentencing statutes." *Id.*

{¶ 9}   The misdemeanor sentencing statutes instead provide, in R.C. 2929.28(B), that:

> If the court determines a hearing is necessary, the court may hold a hearing to determine whether the offender is able to pay the [fine] imposed . . . or is likely in the future to be able to pay the [fine].

{¶ 10} The statute thereafter continues and provides, in pertinent part, the following:

> If the court determines that the offender is indigent and unable to pay the [fine], the court shall consider imposing and may impose a term of community service under division (A) of section 2929.27 of the Revised Code in lieu of imposing a [fine]. If the court does not determine that the offender is

---

1. The principles set forth within this section apply only to the trial court's imposition of a fine and not, for example, the imposition of restitution. *See State v. Messer*, 2023-Ohio-4355, ¶ 18-20 (3d Dist.).

indigent, the court may impose a term of community service under division (A) of section 2929.27 of the Revised Code in lieu of or in addition to imposing a [fine] under this section and in addition to imposing court costs.

{¶ 11} Thus, based on that statute's plain language, if the trial court deems it necessary, the court may, but is not required, to hold a hearing to determine whether the defendant has the ability to pay the fine being imposed. *State v. Morgan*, 2025-Ohio-2284, ¶ 27 (9th Dist.). However, although the court is not required to hold a hearing, because the trial court is required to determine whether the defendant is indigent and unable to pay the fine, there must be some evidence in the record indicating that the trial court, at a minimum, considered the defendant's present and future ability to pay. *State v. Kinsworthy*, 2014-Ohio-2238, ¶ 34 (12th Dist.).[2] We are not alone in this holding. *See State v. Charles*, 2025-Ohio-5062, ¶ 5 (2d Dist.); and *State v. Merillat*, 2020-Ohio-3825, ¶ 26 (6th Dist.); *see, e.g., State v. Burks*, 2023-Ohio-1156 (2d Dist.) (finding a trial court did not err by ordering a defendant to pay four separate $200 fines when sentencing the defendant on four misdemeanor offenses where there was some evidence in the record indicating that the court considered defendant's present and future ability to pay the fines being imposed).

---

2. This court appears to question our *Kingsworthy* holding in our subsequent *Saturday* decision, both of which were authored by our former colleague, Judge Robert P. Ringland, wherein this court stated:

This court has held that there must be some evidence in the record to demonstrate an offender's ability to pay a misdemeanor financial sanction. However, *Kinsworthy* relied exclusively on a Sixth District case, [*State v. Rhoda*, 2006-Ohio-6291 (6th Dist.)], which cited felony sentencing cases for the proposition that some evidence of ability to pay was required in misdemeanor sentencing cases.

(Internal citation omitted.) *Saturday*, 2019-Ohio-193 at ¶ 18. Our decision in this case should now dispel any such notion that our holding in *Kingsworthy* is not the law of this district.

*Basdon's Argument and Analysis*

{¶ 12} Basdon argues that the trial court plainly erred by imposing $400 in fines without first considering her present or future ability to pay. To support this claim, Basdon notes that she "was found to be eligible for representation by the public defender" and "was also appointed counsel to represent her on appeal." However, while it may be true that the trial court did not hold a separate hearing to determine Basdon's ability to pay, "[t]he fact that the trial court appointed counsel to represent [Basdon] does not mean that we must find the court should have held a hearing to consider [Basdon's] ability to pay or that the court's imposition of fines was contrary to law." *Charles* at ¶ 6. To the extent Basdon claims otherwise, such argument lacks merit.

{¶ 13} More significant, however, is that Basdon did not object to the trial court ordering her to pay either of the two $200 fines being imposed upon her. Basdon also did not argue that she was unable to pay the total $400 in fines being imposed. "'Where the offender does not object at the sentencing hearing to the amount of the fine and does not request an opportunity to demonstrate to the court that [she] does not have the resources to pay the fine, [she] waives any objection to the fine on appeal.'" *State v. Ford*, 2024-Ohio-2732, ¶ 10 (2d Dist.), quoting *State v. Keylor*, 2003-Ohio-3491, ¶ 12 (7th Dist.).

{¶ 14} Therefore, given these principles, Basdon has waived the issue for purposes of this appeal. If she is unable to pay, Basdon may raise the issue at a non-payment hearing. *Charles* at ¶ 7, citing *State v. Chaney*, 2004-Ohio-6712, ¶ 8 (5th Dist.). Accordingly, for the reasons set forth above, Basdon's single assignment of error is overruled.

**Conclusion**

{¶ 15} For the reasons outlined above, and finding no merit to Basdon's single assignment of error, Basdon's appeal is denied.

{¶ 16} Judgment affirmed.

HENDRICKSON, P.J., and SIEBERT, J., concur.

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Clermont County Municipal Court for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Robert A. Hendrickson, Presiding Judge*

*/s/ Robin N. Piper, Judge*

*/s/ Melena S. Siebert, Judge*